UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| RODGERICK SEAN BOOTH #188768, )<br> )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>UNKNOWN KARR, et al., )<br> )<br>      Defendants. )<br>_____ ) | Case No. 2:06-cv-148<br><br>HON. R. ALLAN EDGAR<br><br>**OPINION** |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.       Factual Allegations

Plaintiff Rodgerick Sean Booth, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Unknown Karr, Corrections Officer Richard Vining, Hearing Investigator Unknown Bonnaville, and Hearing Officer Laura Maki. Plaintiff alleges that on April 25, 2006, Defendant Karr filed a false misconduct against him. According to the misconduct report, Plaintiff was observed with his penis exposed in the cell door window, and refused to cover his penis when ordered to do so. On April 27, 2006, Defendant Vining spoke to Plaintiff and told him that he was being placed on food loaf and that Defendant Karr had written a sexual misconduct ticket on Plaintiff at his direction. Plaintiff told Defendant Vining that it was a criminal offense to have an officer fabricate a ticket on a prisoner. Plaintiff requested a hearing investigator and Defendant Bonnaville was appointed to perform the investigation. Plaintiff gave Defendant Bonnaville an "affidavit of bias," a hearings statement, a request for certain documents, questions to ask Defendant Karr and questions to ask other inmates. Plaintiff also requested footage of unit video showing the alleged incident. On May 5, 2006, Plaintiff was given a hearing by Defendant Maki, and was found guilty of the offense. Plaintiff seeks to have Defendants arrested and criminally prosecuted.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff's claims against Defendant Maki are barred by the doctrine of judicial immunity.  The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255.  *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Michigan Department of Corrections*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same). Plaintiff's action fails because Defendant Maki is absolutely immune under the circumstances of this case.

In addition, the Supreme Court has held that a claim for declaratory and injunctive relief, as well as for monetary damages, based upon allegations of deceit and bias on the part of the decisionmaker that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in

order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original).

The Supreme Court revisited this issue in *Wilkinson v. Dotson*, 125 S. Ct. 1242 (Mar. 7, 2005), a case in which the plaintiffs claimed that the retroactive application of parole guidelines violated the Constitution's *Ex Post Facto* and Due Process Clauses. The plaintiffs sought a new parole eligibility review and a new parole hearing in accordance with the correct guidelines. *Wilkinson*, 125 S. Ct. at 1244. In *Wilkinson*, the Court discussed the effect of its decisions in *Heck* and *Edwards*, as well as *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Wolff v. McDonnell*, 418 U.S. 539 (1974) on the issue:

> Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody. Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks--not where it simply "relates to"-- "core" habeas corpus relief, *i.e.,* where a state prisoner requests present or future release. Cf. *post,* at ----5 (KENNEDY, J., dissenting) (arguing that *Preiser* covers challenges that "relate ... to" the duration of confinement). *Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner. *Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence. And *Balisok*, like *Wolff*, demonstrates that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of not previously invalidated) state confinement. These cases, taken together, indicate that a state prisoner's § 1983 action is barred

- 4 -

> (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson*, 125 S. Ct. at 1247-48. The Court then concluded that because the plaintiffs' claims did not necessarily imply the invalidity of their convictions or sentences, they could present these claims in the context of a § 1983 action. *Id.* Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Wilkinson*, 125 S. Ct. at 1247-48; *Edwards*, 520 U.S. at 646.

In *Muhammad v. Close*, 124 S. Ct. 1303 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits. *Id.* Plaintiff does not assert that there was no forfeiture of good time credit for the month of his conviction. Accordingly, Plaintiff's claims remain noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Finally, the court notes that the only relief being sought by Plaintiff is a "criminal complaint" against Defendants. A civil rights action is not a proper vehicle for attempting to bring

criminal charges. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-93 (6th Cir. 1994) (private party lacks standing to compel the state to pursue criminal or civil actions).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   8/7/06                   */s/ R. Allan Edgar*
                                  R. ALLAN EDGAR
                                  UNITED STATES DISTRICT JUDGE